UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID CROCHET AND CASSANDRA CROCHET | CIVIL ACTION NO.: |
| *Plaintiff* | JUDGE: |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | MAGISTRATE: |
| *Defendant* | |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, DAVID CROCHET AND CASSANDRA CROCHET, in the above-entitled action, who file this Complaint against the Defendant named herein, and in support thereof, respectfully /represent the following:

1.

Plaintiff, DAVID CROCHET, is a person of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana.

Plaintiff, CASSANDRA CROCHET, is a person of the full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana.

2.

Defendant, STATE FARM FIRE AND CASUALTY COMPANY, is a foreign insurance company which, upon information and belief, is incorporated under the laws of Illinois and has its principal place of business in the State of Illinois.

3.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship as between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.

This Court has personal jurisdiction over Defendant because it does and is authorized to do business in the State of Louisiana, and because it issued a policy of insurance covering the Property that is situated in this State and this federal judicial district.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims which are the subject of this lawsuit occurred within this federal judicial district, and because Plaintiffs' Property is the subject of this litigation and is situated entirely within this federal judicial district.

6.

Plaintiffs own property located at 13726 Paddington Lane, Baton Rouge, Louisiana 70810 (hereinafter, "Property").

7.

Defendant issued a policy of insurance covering Plaintiffs' Property, which was in full force and effect at the time of the loss asserted herein. The policy number is believed to be 18CG47084. All lawful terms of the insurance policy are plead and incorporated by reference.

8.

The policy of insurance requires, in pertinent part, that Defendant provide coverage for property damage rendered to Plaintiffs' property, including contents, that is the result of an

accident, whether natural in cause or not, and the policy is required to comply with the provisions of Louisiana law.

9.

On or about July 30, 2025, the insured property was damaged directly and/or indirectly due to severe weather conditions, including but not limited to wind and/or hail, for which insurance coverage should be afforded. Alternatively, Plaintiffs alleges that the insured property may have sustained damage directly and/or indirectly during severe weather event(s) that occurred as early as December 16, 2025, for which a claim is being asserted herein and for which insurance coverage should be afforded. Plaintiffs further allege that the damages sustained to the subject property may have been exacerbated by subsequent severe weather events for which a claim is being asserted herein and for which coverage should be afforded.

10.

As a result thereof, the property requires or will require repairs and replacements, as well as appropriate cleaning and other remedial measures, and potentially additional living expenses incurred. Specifically, Plaintiff has identified damage to the subject property including but not limited to damage to the roof of the subject property.

11.

Plaintiffs gave notice to Defendant of such loss and gave Defendant ample opportunity and/or information to fully and accurately adjust Plaintiffs' losses and expenses incurred as a result thereof.

12.

Defendant assigned claim number 1888K434B to identify the loss.

13.

To date, Defendant has not fulfilled its obligations pursuant to the insurance policy. Defendant has also failed to establish that it had reasonable proof that it was not responsible for the payment of insured damages and/or loss under the terms of the contract of insurance at issue and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance.

14.

All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

## **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

15.

Paragraph 1-14 of this Complaint and the allegations contained therein are incorporated as though fully copied herein *in extenso*.

16.

The property insurance covering Plaintiffs' property is a valid contract for insurance between Plaintiffs and Defendant.

17.

Plaintiffs have sustained loss that is covered by the policy, made a claim, and sought recovery for said loss from Defendant under the provisions contained in the policy.

18.

Despite Plaintiffs' payment of premiums for insurance protection, and despite the obligations of Defendant to properly adjust all insurance claims and pay for losses caused by storm damage, Defendant failed to perform under the policy.

19.

Defendant has violated the insurance contract conditions setting forth its obligations related to loss adjustment. Defendant has failed to perform under the policy of insurance by:

   a. Not thoroughly investigating the claim;

   b. Not paying the claim despite obvious damages;

   c. Not tendering the proceeds due under the policy in a timely fashion;

   d. Not acting reasonably under the circumstances; and

   e. Refusing to engage in appraisal pursuant to the terms of the subject policy.

## SECOND CAUSE OF ACTION: BAD FAITH

20.

Paragraph 1-19 of this Complaint and the allegations contained therein are incorporated as though fully copied herein *in extenso*.

21.

Upon information and belief, despite its having conducted an inspection of Plaintiffs' property on or around August 6, 2025, Defendant has denied, without sufficient or valid justification or cause, coverage for all or part of the Plaintiffs' damages.

22.

Upon information and belief, despite having gathered facts during its inspection of the subject property sufficient to ascertain the true amount of the loss sustained to Plaintiffs' property,

Defendant has, without sufficient or valid justification or cause, delayed issuance of insurance claim payments.

23.

Upon information and belief, Defendant breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892 by:

a. Breaching its affirmative duty to adjust the claim fairly;

b. Failing to pay the amount of the claim due the Plaintiffs within thirty (30) days after receiving satisfactory proof of the loss;

c. Breaching its affirmative duty to make a reasonable effort to settle claims with Plaintiffs;

d. Arbitrarily, capriciously, or without probable cause failing to pay the amount of the claim due within thirty (30) days after receiving satisfactory proof of the loss; and

e. Misrepresenting the cause or scope of the loss;

f. Refusing to engage in appraisal under the appraisal provision of the subject policy, without cause; and

g. Engaging in litigation tactics intended to discourage insureds and their representatives from pursuing and prosecuting claims, thereby frustrating insureds' contractual rights and delaying fair claim resolution.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT AND BAD FAITH FAILURE TO COMPLY WITH POLICY APPRAISAL CLAUSE

24.

At all relevant times, the policy of insurance included an appraisal clause providing that either party may demand appraisal where there is disagreement as to the amount of loss.

25.

The relevant appraisal clause is statutorily mandated and provided for in La. R.S. 22:1892, which establishes clear procedures for selection of appraisers and umpires and empowers courts to enforce the process.

26.

On or around November 5, 2025, Petitioner submitted a request for Appraisal.

27.

On or around November 17, 2025, State Farm issued a letter denying Plaintiff's appraisal request.

28.

State Farm's appraisal denial letter set forth its position that appraisal should be limited to matters of pricing only, which materially contradicts the plain language of the appraisal clause, common industry interpretation of that clause, and Louisiana judicial decisions interpreting that clause.

29.

State Farm has no probable cause to reject Plaintiff's demand for appraisal, and it has, in bad faith and with full knowledge of Louisiana law on the subject, consistently rejected appraisal for similarly situated insureds.

**DAMAGES**

30.

As a result of Defendant's action and/or inaction as set forth above, Plaintiffs have sustained substantial losses and other damages to be proven at trial, including penalties and attorney's fees.

31.

Plaintiffs claim the following damages:

a. Costs of repairing the insured property;

b. Bad faith damages under La. R.S. 22:1892;

c. Moratory damages under Civil Code Article 2000;

d. Attorney Fees;

e. Court Costs;

f. Expert and consultant fees; and

g. Other damages to be amended, presented in the Pretrial Order, and/or proven at the trial of this matter.

**PRAYER FOR RELIEF**

Pursuant to Fed. R. Civ. P. 38 Plaintiff hereby requests a trial by jury.

WHEREFORE, Plaintiffs pray that the Defendant be served with citation and a copy of this Complaint, to appear and answer this Complaint for Damages and that after due proceedings, that there be judgment herein in favor of Plaintiffs and against Defendant STATE FARM FIRE AND CASUALTY COMPANY in an amount equal to the sum of all the following and be entered herein as follows:

1. Awarding all sums due to Plaintiffs under the policy on account of the insured losses arising from damage to the insured property;

2. Awarding all other consequential damages, both foreseeable and unforeseeable, that relate to Defendant's breach of contract, including the costs and attorney's fees incurred in bringing this action;

3. Awarding all applicable statutory penalties, costs, and fees recoverable under La. R.S. 22:1892;

4. Awarding all costs of these proceedings;

5. Awarding pre-judgment and post-judgment interest from the date of loss until paid or as allowed by law; and

6. Awarding any such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

    Respectfully Submitted,

    AVERILL & REANEY
    ATTORNEYS AT LAW LLC

    _____
    MATTHEW J. AVERILL (LA #37020)
    BRIAN G. REANEY, II (LA #38382)
    216 N. Columbia St., Suite A
    Covington, LA 70433
    Phone: (985) 378-8001
    Fax:     (985) 378-8002
    Email: maverill@arlawllc.net
    Email: breaney@arlawllc.net
    Email: driley@arlawllc.net
    Email: kthomas@arlawllc.net
    Email: monica@arlawllc.net